# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ELMER E. GONZALES** and
**RODOLFO J. GONZALES,**

    **Plaintiffs,**

v.                                                     CIV. No. 98-1521 LH/RLP

**UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,
AGENTS JACKIE SENA, DEAN
CHAVEZ** and **RICK SAXON**, and
**JOHN BRUNELLO** and **JOHN
CUNNINGHAM, dba AB-1
LOCKSMITH SERVICE,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On December 14, 1998, *pro se* Plaintiffs filed their Complaint for Unauthorized Business Closure and Eviction of Plaintiffs from Rented Office (Docket No. 1). This complaint names the United States, the Internal Revenue Service (IRS), three IRS agents, and two co-owners of a locksmith service as defendants. Plaintiffs' only stated basis for jurisdiction is 28 U.S.C. § 1331.

In essence, Plaintiffs claim that Defendants exceeded the terms of a court order that authorized the seizure of personal property belonging to Plaintiffs in satisfaction of alleged tax liabilities and that Plaintiffs suffered loss of earnings and damage to their credit due to the

wrongful eviction.[1] The United States filed a motion to dismiss (Docket No. 22) on May 21, 1999, on its own behalf, and on behalf of the IRS and three IRS agents (hereafter "Federal Defendants"). The Court, having considered the relevant pleadings, finds that the motion to dismiss is well taken and shall be **granted**, resulting in dismissal of this case without prejudice.

## Discussion

This complaint seeks damages only. It is well established that the United States, as a sovereign, is immune from suit save as it consents to be sued. *Stubbs v. United States*, 620 F.2d 775, 779 (10th Cir. 1980). Congress has expressly refused to consent to tort claims arising out of the collection of taxes. *See* 28 U.S.C. § 2680(c).

The application of the doctrine of sovereign immunity cannot be avoided by simply naming agencies of the federal government or their individual employees as defendants. *National Commodity and Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1246 (10th Cir. 1989). Furthermore, although Plaintiffs attempt to sue the IRS, it is not a suable entity. *Castleberry v. Alcohol, Tobacco and Firearms Division of the Treasury Dept. of U.S.*, 530 F.2d 672, 673 n.3 (5th Cir. 1976). As I read it, this suit against the individual IRS officers complains only of actions taken in their official capacity, and is thus properly considered an action against the United States. *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). Accordingly, this action attempted against the three IRS agents is also precluded by the doctrine of sovereign immunity. *Id.*[2]

---

[1] According to stipulations contained in the Initial Pretrial Report, the United States filed its Application of the United States to Enter Premises to Effect Levy in the *Matter of Tax Indebtedness of Rodolfo J. Gonzales,* 97-M-057 MV on November 22, 1996 and on December 9, 1996, the Court entered its Order for Entry on Premises to Effect Levy. I examined the Order, which is of public record, and note that it authorizes the levy and seizure of property in satisfaction of unpaid federal taxes, pursuant to 26 U.S.C. § 6331(d).

[2] In addition, the Tenth Circuit has held that, in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to *Bivens* actions. *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997).

Actions under 26 U.S.C. §§ 7432 and 7433 are the "exclusive remedy for recovering damages resulting from [tax collection] actions." 26 U.S.C. § 7433(a). Section 7433's waiver of sovereign immunity, like any other, must be strictly observed, *Soriano v. United States*, 352 U.S. 270, 276 (1957), and construed in favor of the sovereign. *McMahon v. United States*, 342 U.S. 25, 27 (1951). Section 7433 was intended to give taxpayers "a specific right to bring an action against the Government for damages sustained due to unreasonable actions taken by an IRS employee." CONF.REP.NO. 1104, 100th Cong., 2d Sess., at 228. The statute says:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in Section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a).

In this instance, Plaintiffs have failed to state what, if any, provisions of the IRS or its regulations, were disregarded by the named federal employees. Accordingly, Plaintiffs have failed to state a *prima facie* case under this statute and have failed to show that this statute provides the necessary waiver of sovereign immunity for this action. To state a *prima facie* case under 26 U.S.C. § 7433, at a minimum a taxpayer must include in his complaint the specific collection actions complained of and the provisions of the IRS Code or associated regulations that were violated.

Plaintiffs' complaint alleges that Agent Sena stated she was evicting Plaintiffs regardless of the fact that there was no eviction provision in the court order. This claim must fail, because Plaintiffs cannot point to any specific statute or regulation that Sena's action might have violated. *See Gonsalves v. IRS*, 975 F.2d 13, 16 (1st Cir. 1992). Additionally, I conclude that the language

3

in the operative Order, authorizing levy and seizure, is broad enough to encompass seizure of the premises via eviction.

I have taken the alleged facts as true and have liberally construed this *pro se* complaint. *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). In this instance, Plaintiffs have set forth no jurisdictional basis, beyond the general jurisdictional statute found at 28 U.S.C. § 1331. Even if I were to construe these allegations against the Federal Defendants in the context of a tortious wrongful eviction, and consider these allegations under the Federal Tort Claims Act, again there would be no waiver of sovereign immunity, because actions in connection with the collection of taxes are specifically excluded from coverage by the Act. 28 U.S.C. § 2680(c).

For the above reasons, I conclude that I have no federal subject matter jurisdiction over this matter and consequently I have no supplemental jurisdiction over any possible state law claims against non-Federal Defendants.

For the foregoing reasons, this case is **dismissed without prejudice.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**